UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL DONAHUE,

                              Plaintiff,

       -v-                                                    CIVIL ACTION NO. 24 Civ. 5196 (DEH) (SLC)

                                                                        **ORDER**

METROPOLITAN LIFE INSURANCE COMPANY,

                              Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court held a telephone conference on January 20, 2026 (the "Conference") to discuss the status of discovery, along with the issues raised in the letter filed by pro se Plaintiff Paul Donahue ("Dr. Donahue") at Dkt. No. 61.  Following the Conference, the Court **ORDERS** that the parties order a copy of the Conference transcript using the annexed form by **January 26, 2026**.  Further, the Court **ORDERS** the following:

### I. Dr. Donahue's Alleged Emotional Distress Damages

For the reasons discussed at the Conference, with respect to Dr. Donahue's alleged emotional distress damages, Dr. Donahue shall provide to counsel for Defendant Metropolitan Life Insurance Company ("Defendant") the names and addresses of his medical providers by **January 27, 2026**.  Dr. Donahue is further encouraged to produce to Defendant's counsel the medical records he has in his possession, custody, or control as soon as practicable.  As discussed at the Conference, Defendant's counsel shall designate Dr. Donahue's medical records as "ATTORNEY'S EYES ONLY," pursuant to the parties' Confidentiality Stipulation and Protective Order.  (Dkt. No. 49).

## II. <u>Dr. Donahue's Request to Extend Discovery Deadlines</u>

For the reasons discussed at the Conference, and without opposition from Defendant, Dr. Donahue's request to extend by 60 days the parties' deadlines to complete depositions and fact discovery, (see Dkt. No. 46 at 2), is **GRANTED**.  The parties' deadline to complete depositions is **EXTENDED** from February 16, 2026, (Dkt. No. 46 at 3), to **April 17, 2026**, and the parties' deadline to complete fact discovery is **EXTENDED** from April 1, 2026, (Dkt. No. 46 at 2), to **June 1, 2026**.  All other discovery deadlines set forth in the Case Management Plan, (Dkt. No. 46), shall remain in effect.

## III. <u>Dr. Donahue's Motion to Compel</u>

Dr. Donahue further requests that Defendant produce "all material relative to job performance, especially supervisory performance, for [Dr. Donahue], Claudia Higueras ["Ms. Higueras"] and Roberta McMurtrie ["Ms. McMurtrie"]" including records about "performance, evaluations and all submitted comments and observation" (together, the "Performance Documents").  (Dkt. No. 61 (the "Motion")).  In response to the Motion, Defendant argued at the Conference that the Performance Documents are not relevant because Defendant did not rely on them in its decision to select Ms. Higueras and Ms. McMurtrie for the roles that Dr. Donahue applied for. (<u>See</u> Dkt. No. 9 at 5, 9 (the "Roles")).[1]  Dr. Donahue further argued at the Conference that Defendant's failure to rely on the Performance Documents in filling the Roles is relevant to the deficiency of Defendant's selection process, and to the extent the Performance Documents reveal negative comments concerning the performance of Ms. Higueras, the

---

[1] Defendant's counsel further stated at the Conference that, at an unspecified time, Defendant's vendor, which maintained certain portions of the Performance Documents, has since been changed, and therefore, Defendant may no longer have access to all the Performance Documents.

Performance Documents would be relevant to Ms. Higueras's qualifications and therefore relevant to Dr. Donahue's burden to raise an inference of discrimination.

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "Rule 26 gives a district court broad discretion to impose limitations or conditions on discovery which extends to granting or denying motions to compel or for protective orders on just terms."  Coty v. Cosmopolitan Cosmetics Inc., No. 18 Civ. 11145 (LTS) (SLC), 2020 WL 3317204, at *1 (S.D.N.Y. June 18, 2020) (citation modified) (quoting Capstone Logistics Holdings, Inc. v. Navarrete, No. 17 Civ. 4819 (GBD) (BCM), 2018 WL 6786237, at *8 (S.D.N.Y. Dec. 13, 2018)).[2]

"A party may serve on any other party a request [to produce documents] within the scope of Rule 26(b)" that are in the other party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1). The responding party then must produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  If a party fails to make a disclosure required by Rule 26(a), or makes an incomplete disclosure, any other party may move to compel disclosure.  See Fed. R. Civ. P. 37(a).  "Motions to compel, pursuant to Rule 37, are left to the sound discretion of the court."  Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018).  "A district court has broad latitude to determine

---

[2] Internal citations and quotations are omitted from case citations unless otherwise indicated.

the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Arg., 695 F.3d 201, 207 (2d Cir. 2012).

Here, based on Defendant's counsel's representation at the Conference that Defendant did not rely on the Performance Documents in choosing Ms. Higueras and/or Ms. McMurtrie, rather than Dr. Donahue, for the Roles, and that Defendant has already produced to Dr. Donahue all the documents on which it did rely, we find that the Performance Documents are neither relevant to the parties' claims or defenses in this action nor proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

To the extent Dr. Donahue argues that the Performance Documents are relevant to the qualifications of Ms. Higueras and/or Ms. McMurtrie, Defendant's counsel represented at the Conference that Defendant has already produced to Dr. Donahue documents sufficient to show the qualifications of Ms. Higueras and Ms. McMurtrie. Dr. Donahue may further inquire into the qualifications of Ms. Higueras and Ms. McMurtrie when deposing Tom Schuster ("Mr. Schuster"), Defendant's "VP of Stable Value and Capital Markets," and Dr. Donahue's "boss during [Dr. Donahue's] entire tenure as Assistant Vice President at MetLife." (Dkt. No. 23 at 3 ¶ 12, 9 ¶ 31). Further, to the extent Dr. Donahue argues that the Performance Documents are relevant to Defendant's deficiency in its selection process for the roles Dr. Donahue applied for, (see Dkt. No. 9 at 5, 9), Dr. Donahue may also explore that topic at Mr. Schuster's deposition.

Accordingly, Dr. Donahue's Motion is **DENIED**.

If Mr. Schuster's deposition reveals that Defendant did rely on the Performance Documents in selecting Ms. Higueras and/or Ms. McMurtrie for the Roles, or gives

Dr. Donahue reason to believe that the Performance Documents are relevant for a separate reason, Dr. Donahue may renew his Motion.

Dated:     New York, New York
           January 20, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters.  The transcript will be delivered to your office and you will be  invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for  the transcription services described herein. This form should not be submitted for the purpose of obtaining  a price estimate.

**NOTE:**  CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: _____

| Case Caption | |
|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |

## INDICATE  SERVICE:

(prices listed are per page)

| Daily $7.30 | 3 Day $6.55 | 7 Day $5.85 | 14 Day $5.10 | 30 Day $4.40 |
|---|---|---|---|---|
| ◯ | ◯ | ◯ | ◯ | ◯ |

| | |
|---|---|
| Your Name | |
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

| RESET | PRINT | SAVE | EMAIL |
|---|---|---|---|