# Morgan Lewis

**Ashley J. Hale**
212.309.6878
ashley.hale@morganlewis.com

March 16, 2026

**VIA ECF**

The Honorable Sara L. Cave
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

> The Court is in receipt of the letter at Dkt. No. 70 filed by Defendant MetLife Group Inc. ("Defendant"). (Dkt. No. 70 (the "Letter")). On or before **March 19, 2026**, Plaintiff Paul Donahue ("Mr. Donahue") shall file a response to the Letter by emailing the Pro Se office at prose@nysd.uscourts.gov, and shall email a copy of the response to Defendant's counsel, Ashley Hale, at ashley.hale@morganlewis.com.
>
> By the end of the day today, **March 17, 2026**, Defendant's counsel shall email a copy of this Order to Mr. Donahue and file proof of service.
>
> SO ORDERED.    March 17, 2026
>
> SARAH L. CAVE
> United States Magistrate Judge

Re:    **Donahue v. Metropolitan Life Insurance Company, Case No. 1:24-cv-5196**

Dear Judge Cave:

We represent Defendant MetLife Group Inc. (improperly named in the First Amended Complaint as Metropolitan Life Insurance Company) in the above-referenced matter. Pursuant to Your Honor's Individual Practices in Civil Cases, we write to (1) compel Plaintiff to appear for his deposition and (2) seek clarification on the expert witness discovery deadline. After exchanging a few emails on these topics over the past week, the parties met and conferred over the telephone today, March 16, at 10 am, for approximately 11 minutes. The parties agreed they were at an impasse and that MetLife would be writing to the Court.

MetLife originally sent Plaintiff a notice of deposition on June 25, 2025. During a call on February 26, 2026, counsel asked Plaintiff when he would be available for his deposition, as the deposition deadline is approaching. Plaintiff advised he would be in Florida from March 14 – March 26, so he would be available on March 27. However, he advised that he would not sit for his deposition until certain compensation documents regarding other employees had been provided to him.[1] Counsel for MetLife explained they disagreed that he could refuse to sit for his deposition pending receipt of documents related to other employees, and Plaintiff responded that it was his only "leverage" to try and get MetLife to provide the documents.

On March 11, 2026, MetLife informed Plaintiff that while it disagreed that the folks he identified were appropriate comparators, he nevertheless had the highest base salary of the 19 current

---

[1] Plaintiff does not have a claim in the Amended Complaint related to unequal pay. As your Honor noted in your Report and Recommendation concerning MetLife's Motion to Dismiss the Amended Complaint (Dkt. 34), the Amended Complaint advanced four (4) specific failure-to-promote claims under relevant law, only two (2) of which remain following Judge Ho's order adopting your Honor's Report and Recommendation.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060
United States
**T** +1.212.309.6000
**F** +1.212.309.6001

March 16, 2026
Page 2

employees he identified in each year from 2021 – 2023. In 2024, Plaintiff had the second highest base salary, earning only $226.32 less in base salary than one other individual (a male over 45).

On March 12, MetLife sent an updated deposition notice for a deposition date of March 27, as Plaintiff had advised he was free on that date.  However, Plaintiff maintains he will not sit for his deposition until the issue of compensation data for other employees is resolved.[2]   MetLife appreciates that Plaintiff believes a dispute exists as to the production of certain documents. However, Plaintiff's refusal to provide a date for a deposition is not justified. *Gordon v. John T. Mather Mem'l Hosp.*, 2021 WL 9183822, at *2 (E.D.N.Y. Aug. 4, 2021) (ordering plaintiff's deposition to proceed, despite plaintiff's claim discovery deficiencies from defendant remained). As courts routinely hold, a party cannot refuse to appear for a duly noticed deposition simply because they believe discovery is outstanding.  *See Ortiz v. City of New York*, 2016 WL 4532983, at *1 (S.D.N.Y. July 15, 2016) (finding plaintiff's failure to appear for deposition not justified, even with pending discovery dispute); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) ("[I]t is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations.")[3] Accordingly, MetLife respectfully requests that Plaintiff be compelled to appear for his deposition on March 27, 2026, at 10 am at Morgan Lewis's offices at 101 Park Avenue.

Second, to the extent it was not already extended through the latest discovery order, Defendant also writes to request an extension of the expert discovery deadline.  When the initial Case Management Plan was entered on June 2, 2025, all discovery was scheduled to end on April 1, 2026.  Dkt 46.  On January 20, 2026, at Plaintiff's request, your Honor extended the deposition deadline from February 16, 2026 to April 17, 2026, and the deadline to complete fact discovery was extended from April 1, 2026 to June 1, 2026. Dkt. 64.  The original Case Management order contemplated that expert discovery would end on the same date as fact discovery – April 1, 2026. Dkt 46.  However, the January 20, 2026 extension did not specifically mention expert discovery. Dkt. 64.  On March 13, 2026, Plaintiff advised that he anticipates obtaining an expert report from Ramona Powell, SPHR, but no expert report has been provided to date.  During the parties meet and confer today, Dr. Donahue explained he understood that he could notify MetLife he was obtaining an expert by April 1, 2026 and then submit a report by April 8, 2026.  However, that belated production would not afford MetLife an opportunity to review Plaintiff's expert's report, nor find a rebuttal expert and then prepare a rebuttal report.

As no depositions have occurred, and Plaintiff has yet to serve an expert report, Defendant respectfully requests that expert discovery be explicitly extended (to the extent it was not already) to the same date scheduled for fact discovery to end – June 1, 2026.  MetLife also requests that Plaintiff be given a date certain to provide his expert report pursuant to FRCP 26(a)(2)(B), and then MetLife be given a date certain to provide its response, at least thirty days thereafter

---

[2] MetLife understands that Plaintiff has also sent a letter to the Court on this topic, however, counsel has not yet seen the letter.

[3] Of course, MetLife has not violated any discovery obligations.

March 16, 2026
Page 3

(assuming Plaintiff can confirm his expert will be available for a deposition in that thirty day interim period).

Finally, to the extent Plaintiff intends on responding this letter, MetLife respectfully requests a courtesy copy via email, so there is no delay in receipt while a response works its way through the Pro Se Intake Unit.

We thank the Court in advance for its consideration and are available at the Court's convenience to discuss further.

Sincerely,

*/s/ Ashley J. Hale*
Ashley J. Hale

CC: Paul Donahue, via email