UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL DONAHUE,

                  Plaintiff,

    -v-

METROPOLITAN LIFE INSURANCE COMPANY,

                  Defendant.

CIVIL ACTION NO. 24 Civ. 5196 (DEH) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On March 16, 2026, Defendant MetLife Group Inc. ("Defendant") filed a letter motion to (i) compel Plaintiff Paul Donahue ("Dr. Donahue") to appear for his deposition on March 27, 2026, and (ii) to extend the expert discovery deadline. (Dkt. No. 70 (the "Motion")). On March 17, 2026, the Court ordered Dr. Donahue to respond to the Motion by March 19, 2026. (Dkt. No. 72). The Court is now in receipt of Dr. Donahue's letters at Dkt. Nos. 71 and 74, which the Court collectively construes as Dr. Donahue's response to the Motion. (Dkt. Nos. 71; 74 (the "Response")). For the reasons set forth below, the Motion is **GRANTED**.

## I.      Dr. Donahue's Deposition

Dr. Donahue's deposition is currently noticed for March 27, 2026. (Dkt. No. 70 at 1). In the Motion, Defendant states that Dr. Donahue "advised that he would not sit for his deposition until certain compensation documents regarding other employees had been provided to him." (Id.) Defendant "disagree[s] that [Dr. Donahue] could refuse to sit for his deposition pending receipt of documents related to other employees," while Dr. Donahue believes "it [is] his only 'leverage' to try and get [Defendant] to provide the documents." (Id.)

In the Response, Dr. Donahue reiterates his request for "anonymized data by age bracket of: performance rating, base pay, base pay increase percentage, target bonus percentage, and bonus awarded as a percentage of compensation[,]" along with "any written guidance provided to [Defendant's] managers about determining base pay increases and bonus awards, as well as the minimum and maximum salaries for each position" (the "Comparative Compensation Data"). (Dkt. Nos. 71 at 1; 74 at 1, 3). Dr. Donahue believes the Comparative Compensation Data is relevant to "past discrimination[,]" and will likely "show a high probability that [he] was the victim of systemic bias[,]" and therefore asks the Court to issue an order compelling Defendant to produce it. (Dkt. No. 74 at 2–3). As for his March 27, 2026 deposition, Dr. Donahue states that "[his] agreement to a deposition on March 27th was subject to [his] satisfaction with [the Comparative Compensation Data] which [Defendant] said [it] would produce on March 6th." (Id. at 3).

While Dr. Donahue may believe a dispute exists concerning the Comparative Compensation Data, which we address in § II below, Dr. Donahue is not permitted to leverage his deposition to force Defendant to produce it. A party may not refuse to appear for a duly noticed deposition simply because discovery is outstanding, or because the party believes the other party has not fulfilled their discovery obligations. See Ortiz v. City of N.Y., No. 15 Civ. 4392 (AT) (KNF), 2016 WL 4532983, at *3 (S.D.N.Y. July 15, 2016) (imposing sanctions on plaintiff for failure to appear at his deposition because "[t]he pendency [] of the [] motion to compel production of certain documents, without more, is not sufficient to justify the plaintiff's failure to appear for his [] deposition."); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) ("[I]t is well-established that a party cannot unilaterally refuse to fulfill

its discovery obligations as retaliation for another party's discovery violations."); Gropper v. David Ellis Real Estate, L.P., No. 13 Civ. 2068 (ALC) (JCF), 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) ("Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent[.]"); Gordon v. John T. Mather Mem'l Hosp., No. 17 Civ. 7168 (NGG) (CLP), 2021 WL 9183822, at *2 (E.D.N.Y. Aug. 4, 2021) (ordering plaintiff's deposition to proceed despite plaintiff's claimed discovery deficiencies and "to the extent that discovery deficiencies do remain, plaintiff may continue to serve discovery requests[.]").

Furthermore, even if the Court were to order the production of the Comparative Compensation Data, that production would not impact Dr. Donahue's testimony at his deposition given that Dr. Donahue does not assert a claim for unequal pay in his amended complaint. (See Dkt. No. 23). Dr. Donahue's belief that the Comparative Compensation Data is relevant to "past discrimination" or "systematic bias[,]" (Dkt. No. 71 at 1; 74 at 2), is his own understanding of the facts. Dr. Donahue's deposition is not an opportunity for him to exposit about what the Comparative Compensation Data may or may not say, and therefore, his deposition should not be placed on hold pending its receipt. See Gordon, 2021 WL 9183822, at *2 (compelling plaintiff to sit for her deposition in an employment discrimination case despite outstanding discovery concerning the "internal investigations conducted by defendant into plaintiff's allegations of discrimination" and the "identities of other black nurses who left [employer] around the time of plaintiff's employment, as well as the circumstances of their departure.").

Accordingly, despite Dr. Donahue's claimed discovery deficiencies concerning the Comparative Compensation Data, Dr. Donahue is **COMPELLED** to sit for his deposition on **March 27, 2026**.[1]

## II.    The Comparative Compensation Data

Given the ongoing discovery dispute concerning the Comparative Compensation Data, (see Dkt. Nos. 70–71; 74), a telephone conference to discuss the dispute is scheduled for **April 6, 2026, at 12:00 p.m. ET** on the Court's conference line.  The parties are directed to call: (855) 244-8681; access code: 2308 226 4654, at the scheduled time.

## III.    The Expert Discovery Deadline

Further, Defendant's request in the Motion to extend the deadline to complete expert discovery is **GRANTED**.  The deadline to complete expert discovery is **EXTENDED** to **June 1, 2026**. As for interim expert discovery deadlines, Dr. Donahue shall provide his expert report to Defendant by **April 8, 2026**, and Defendant shall provide its response to Dr. Donahue by **May 6, 2026**.

## IV.    Conclusion

For the reasons stated above, the Motion is **GRANTED**.

The Clerk of Court is respectfully directed to close Dkt. No. 70.

---

[1] Dr. Donahue states in his Response that his "last class to satisfy the requirements for [his LL.M. degree] in Taxation at NYU School of Law" is on March 27, 2026, and therefore "would have to contest any order that required [him] to miss a class when [he] is so near to completing [his] LL.M. degree." (Dkt. No. 74 at 4).  Accordingly, to the extent Dr. Donahue has a legitimate scheduling concern with the noticed date of March 27, 2026, the parties are **ORDERED** to meet and confer to discuss rescheduling Dr. Donahue's deposition for the following week.  In any event, Dr. Donahue's deposition shall occur no later than **April 3, 2026**.

By the end of the day tomorrow, **March 19, 2026**, Defendant's counsel shall email a copy

of this Order to Dr. Donahue and file proof of service.


Dated:      New York, New York                  SO ORDERED.
            March 18, 2026

                                                _____
                                                SARAH L. CAVE
                                                **United States Magistrate Judge**

5