UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL DONAHUE,

                    Plaintiff,

        -v-                                          CIVIL ACTION NO. 24 Civ. 5196 (DEH) (SLC)

                                                     **OPINION AND ORDER**

METROPOLITAN LIFE INSURANCE COMPANY,

                    Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

## I.        INTRODUCTION

Pro se Plaintiff Paul Donahue ("Dr. Donahue"), a 78-year-old white man, sues his employer, Defendant MetLife Group Inc. ("MetLife"),[1] for employment discrimination, on the theory that MetLife failed to promote him based on his age, gender, and national origin. (Dkt. No. 23).  Following the Opinion and Order of the Honorable Dale E. Ho dated April 22, 2025 (Dkt. No. 36), the only claims that remain in this action are Dr. Donahue's discriminatory failure-to-promote claims (i) with respect to the VP-RIS Position under Title VII, the ADEA, NYSHRL, and NYCHRL, and (ii) with respect to the Underwriting Position under the NYSHRL and NYCHRL.[2] (Dkt. Nos. 34 at 21; 36).

Before the Court is Dr. Donahue's request to compel MetLife to produce "comparative compensation data" and "job-history data broken out by age band" (the "Data") for Dr. Donahue

---

[1] The Complaint incorrectly names MetLife as Metropolitan Life Insurance Company.  (Dkt. No. 87).
[2] Unless otherwise stated, capitalized terms shall have the same meaning as stated in the Report and Recommendation dated March 5, 2025.  (Dkt. No. 34).

and at least 21 Assistant Vice Presidents ("AVPs") at MetLife.  (Dkt. Nos. 71 at 1; 74 at 1, 3; 84; 88 (the "Request")).  For the reasons set forth below, the Request is **DENIED**.

## II.    THE PARTIES' ARGUMENTS

In the Request, Dr. Donohue argues that he is entitled to the Data on the premise, which he does not support with any legal authority, that "[i]t is reasonable at the outset to assume that compensation data for persons of the same rank in the same organization subject to the same compensation guidance is suitable for statistical analysis."  (Dkt. No. 84 at 1).  Dr. Donohue maintains that an actuary can analyze the Data using a "t test statistic" to "show the probability that the difference between [his] compensation actions (base pay increases and bonus awards)" was based not on chance but rather on age, gender, or national origin bias.  (Id. at 1; see Dkt. No. 90 at 5–6).  Dr. Donohue offers that, if the actuarial "analysis shows that there is as much as a one-third probability that [his] salary actions relative to those of the comparison group are due to random fluctuation, [he] will drop this litigation."  (Dkt. No. 84 at 1).  Dr. Donohue conceded, however, that apart from having the title of AVP and being "within two rates" of pay, he cannot offer any information about the AVPs' roles in comparison to his, their ages (and presumably their gender or national origin either), or their employment ratings.  (Dkt. No. 90 at 6).  On reply, Dr. Donohue reiterates that the Data is relevant and proportional to his failure-to-promote claims and contends that "confidentiality measures" can mitigate any of "MetLife's generalized privacy objections[.]"  (Dkt. No. 88 at 3–5).

MetLife opposes the Request for three reasons.  (Dkt. No. 87).  First, MetLife argues that a "statistical analysis is both irrelevant and inappropriate" in a case such as this, involving disparate treatment claims where Dr. Donohue "has failed to allege how statistical analysis of

pay data can somehow support his claim of intentional, disparate treatment based on his age, gender and national origin, with respect to two, discrete promotion decisions." (Id. at 1). Second, MetLife argues that the AVPs are not appropriate comparators because Dr. Donohue has failed to show that they "are similarly situated to him with respect to any factors, let alone any factors that impact compensation decisions." (Id. at 2). Third, MetLife argues that a t-test analysis is "methodologically unsound" because it fails to "control for any of the factors that impact compensation decisions," such as "specific role, tenure, manager, company performance, and employees' individual performance (among other factors)." (Id. at 3). Relatedly, MetLife notes that Dr. Donohue failed to identify any "specific bias," improperly "relies on a title-based list of" AVPs, "and ignores legitimate factors that may explain any disparity." (Id.)

### III.    DISCUSSION

Dr. Donohue's failure-to-promote claims require him to establish that: "(1) he is a member of a protected class; (2) he applied and was qualified for a job for which the employer was seeking applications; (3) he suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." Workneh v. Pall Corp., 897 F. Supp. 2d 121, 131 (E.D.N.Y. 2012). In a disparate-treatment action such as this, statistics alone are insufficient "to raise an inference that a particular individual was a victim of discrimination." Henderson v. City of N.Y., 818 F. Supp. 2d 573, 581 (E.D.N.Y. 2011). Rather, "an individual plaintiff must prove that he or she in particular has been discriminated against." Drake v. Delta Air Lines, Inc., No. 94 Civ. 5944 (FB) (RML), 2005 WL 1743816, at *6 (E.D.N.Y. July 21, 2005); see Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) (explaining that plaintiff must "establish he was the victim of [] discrimination"). To the extent that a plaintiff asserting a

failure-to-promote claim relies on comparison to other employees to support an inference of discrimination, the plaintiff must offer evidence that the other employees were "similarly situated in all material respects." Shumway v. United Parcel Serv. Inc., 118 F.3d 60, 64 (2d Cir. 1997). Absent information about the other employees' circumstances, a court cannot conclude that a plaintiff was treated "less favorably than a similarly situated employee outside his protected group." Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).

Even if (i) statistics could provide some support for Dr. Donohue's failure-to-promote claims, and (ii) a t-test were an appropriate statistical analysis — both of which we doubt for the reasons MetLife has argued (see Dkt. No. 87 at 1–3) — we must deny his Request for the simpler reason that he has failed to adduce any evidence that the AVPs for which he seeks the Data are similarly situated to him in any relevant way. As noted above, Dr. Donohue conceded that he has no information about the AVPs' age, gender, or national origin — the bases on which he alleges MetLife discriminated against him. (Dkt. Nos. 87 at 2 (quoting from Dr. Donohue's deposition); 90 at 5–6). Instead, he appears to have compiled the list of AVPs from MetLife's intranet for a six-year period. (Dkt. No. 87 at 2). Absent information about the AVPs' age, gender, and national origin, as well as their responsibilities, qualifications, and lines of reporting, we have no basis from which to conclude that any of the AVPs were "similarly situated in all material respects" to Dr. Donohue as would allow any "meaningful comparison[]" about the reason(s) why he was not promoted. Henderson, 818 F. Supp. 2d at 581. Therefore, Dr. Donohue has not shown that the Data will help him establish that MetLife failed to promote him based on his age, gender, or national origin. See Reynolds, 685 F.3d at 204 (noting that "statistics alone are insufficient to establish a prima facie case under the McDonnell Douglas framework").

## IV.    CONCLUSION

For the reasons set forth above, the Request is **DENIED**.

Dated:       New York, New York              SO ORDERED.
             April 9, 2026

_____
**SARAH L. CAVE**
**United States Magistrate Judge**